# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: November 22, 2016

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |
| WILLIAM WALSH *and* \* | |
| CHRISTEN WALSH, *parents of* \* | No. 05-975v |
| S.W., *a minor*, \* | |
| \* | UNPUBLISHED OPINION |
| Petitioners, \* | |
| v. \* | Decision on Damages; Diphtheria- |
| \* | Tetanus-Acellular Pertussis; |
| SECRETARY OF HEALTH \* | Seizure Disorder; Developmental |
| AND HUMAN SERVICES, \* | Delays. |
| \* | |
| Respondent. \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | |

<u>Ronald Homer</u>, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
<u>Linda Sara Renzi</u>, U.S. Department of Justice, Washington, DC for respondent.

**DECISION ON JOINT STIPULATION**[1]

Gowen, Special Master:

On September 9, 2005, William Walsh and Christen Walsh on behalf of their son S.W. ("petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioners allege that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine administered on September 19, 2002, S.W. suffered a seizure disorder and

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I intend to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

developmental delay. Stipulation at ¶ 4. In the alternative, petitioners allege that S.W.'s seizure disorder and developmental delay were significantly aggravated by receipt of the DTaP vaccine. Id.

On November 21, 2016, the parties filed a stipulation stating that compensation should be awarded to petitioners. Respondent denies that the vaccine caused or significantly aggravated S.W.'s seizure disorder, developmental delays, or any other injury or his current condition. Nevertheless, the parties agree to the stipulation attached hereto as Appendix A. Petitioners represent that they presently are, or within 90 days of the date of the judgment will become, duly authorized to serve as guardians/ conservators of S.W.'s estate. Stipulation at ¶ 13. No payment pursuant to the stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/ conservators of S.W.'s estate. Id. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians and conservators of the estate of S.W., at the time a payment pursuant to this stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/ conservators of the estate of S.W. upon submission of written documentation of such appointment to the Secretary. Id.

The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Petitioners shall receive the following compensation:

1) **A lump sum payment of $200,000.00 in the form of a check payable to petitioners William Walsh and Christen Walsh, as legal guardians/ conservators of S.W. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

The Clerk of the Court is directed to enter judgment in accordance with the parties' stipulation.[3]

**IT IS SO ORDERED.**

                  s/Thomas L. Gowen
                  Thomas L. Gowen
                  Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| WILLIAM and CHRISTEN WALSH, parents of S.W., a minor,<br><br>Petitioners,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 05-975V<br>Special Master Gowen<br>ECF |

## STIPULATION

The parties hereby stipulate to the following matters:

1. On behalf of their son, S.W., William and Christen Walsh, petitioners, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to S.W.'s receipt of a diphtheria-tetanus-acellular pertussis vaccine ("DTaP"), which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. S.W. received a DTaP vaccine on September 19, 2002.

3. The vaccination was administered within the United States.

4. Petitioners allege that S.W. suffered a seizure disorder and developmental delay as a result of receiving the DTaP vaccine. In the alternative, petitioners allege that S.W.'s seizure disorder and developmental delays were significantly aggravated by the receipt of his DTaP vaccine.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on S.W.'s behalf as a result of his condition.

1

6. Respondent denies that the vaccine caused or significantly aggravated S.W.'s seizures disorder, developmental delays or any other injury or his current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00, in the form of a check payable to petitioners, as legal guardians/conservators of S.W. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. The payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of S.W. as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as guardians/conservators of S.W.'s estate under the laws of the State of New Jersey. No payment pursuant to this Stipulation shall be made until petitioners provide the Secretary with documentation establishing their appointment as guardians/conservators of S.W.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardians/conservators of the estate of S.W. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as guardians/conservators of the estate of S.W. upon submission of written documentation of such appointment to the Secretary.

14. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacity and as legal representatives of S.W., on behalf of themselves, S.W., and his heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments,

claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of S.W. resulting from, or alleged to have resulted from, the DTaP vaccination administered on September 19, 2002, as alleged by petitioners in petitions for vaccine compensation filed on or about September 9, 2005, and August 14, 2013, in the United States Court of Federal Claims as petition No. 05-975V.

15. If S.W. should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

16. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

17. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

4

18. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that S.W. suffered a seizure disorder or developmental delays as a result of receiving the DTaP vaccine, or any other vaccine, or that his current disabilities are sequelae of his alleged vaccine-related injuries.

19. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and assigns as legal representatives of S.W.

END OF STIPULATION

5

Respectfully submitted,

PETITIONERS:

*[signature]*
WILLIAM WALSH

*[signature]*
CHRISTEN WALSH

ATTORNEY OF RECORD FOR PETITIONERS:

*Ronald C. Homer by Meredith Daniels*
RONALD C. HOMER   Rule 83.1(c)(2)
Conway, Homer & Chin-Caplan, P.C
16 Shawmut Street
Boston, Massachusetts 02116
(617) 695-0880

*[signature]*
NARAYAN NAIR, MD
Director, Division of Injury
Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop : 08N146B
Rockville, MD 20857

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

*[signature]*
CATHARINE E. REEVES
Acting Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

*[signature]*
LINDA S. RENZI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4133

Dated: 21 November 2016