# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 19, 2017
No. 05-975V

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WILLIAM WALSH *and* | \* | |
| CHRISTEN WALSH, *parents of* | \* | |
| S.W., *a minor*, | \* | UNPUBLISHED OPINION |
| Petitioners, | \* | |
| v. | \* | Special Master Gowen |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | \* | Petitioners' Costs; |
| | \* | Special Master's Discretion |
| Respondent. | \* | |
| | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Ronald Homer, Conway, Homer & Chin-Caplan, P.C., Boston, MA for petitioner.
Linda Sara Renzi, U.S. Department of Justice, Washington, DC for respondent.

**DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

On September 9, 2005, William Walsh and Christen Walsh, on behalf of their son S.W. ("petitioners"), filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*.[2] [the "Vaccine Act" or "Program"]. Petitioners allege that as a result of a diphtheria-tetanus-acellular pertussis ("DTaP") vaccine administered on September 19, 2002, S.W. suffered a seizure disorder and developmental delay. Stipulation at ¶ 4. In the alternative, petitioners allege that S.W.'s seizure disorder and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, she will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

developmental delay were significantly aggravated by receipt of the DTaP vaccine. Id. On November 22, 2016, I issued a decision awarding compensation to petitioners based on the parties' stipulation.

On May 12, 2017, petitioners filed a Motion for Attorneys' Fees and Costs ("Petitioners' Motion"). ECF No. 99. Petitioner requests attorneys' fees in the amount of $69,658.00, attorneys' costs in the amount of $16,907.33, and petitioner's costs in the amount of $9,743.00. Id. Thus, the total amount requested is $96,308.33. Id. On May 12, 2017, petitioners filed their signed statement consistent with General Order #9 that they incurred $9,743.00 in costs related to the prosecution of this claim and that they paid no retainer to their counsel. ECF No. 98.

On May 18, 2017, respondent filed a Response to Petitioners' Motion (Respondent's Response). ECF No. 99. Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

## I. Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa—15(e)(1). A petitioner need not prevail on entitlement to receive a fee award as long as petitioner brought the claim in "good faith" and with a "reasonable basis" to proceed. Id. In the present case, petitioners were awarded compensation pursuant to a joint stipulation agreement and are therefore entitled to an award of reasonable attorneys' fees and costs. Special Masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs. See Perreira v. Sec'y of Health and Human Servs., 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications").

### a. Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, the court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347–58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316–18 (2008). Counsel should not include in their fee request hours that are "excessive, redundant, or otherwise unnecessary." Saxton, 3 F.3d 1517 at 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's

2

discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. See Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

i. **Reasonable Hourly Rate**

Petitioners request the following hourly rates:

|  | 2005 | 2006 | 2007 | 2008 | 2011 | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| **Ronald Homer** | $250 | $260 | $270 | -- | -- | -- | $322 | $400 | -- | $400 | $409 |
| **Sylvia Chin-Caplan** | -- | -- | -- | -- | $305 | -- | $315 | $400 | $400 | -- | -- |
| **Kevin Conway** | $295 | -- | -- | -- | -- | -- | $353 | -- | -- | -- | -- |
| **Christina Ciampolillo** | -- | -- | -- | -- | $203 | -- | $209 | $300 | $300 | $300 | $307 |
| **Joseph Pepper** | -- | -- | -- | -- | -- | -- | $213 | $213 | $290 | $290 | $297 |
| **Meredith Daniels** | -- | -- | -- | -- | $203 | $209 | $213 | -- | $280 | $280 | $286 |
| **Lauren Faga** | -- | -- | -- | -- | -- | -- | -- | -- | $265 | $265 | -- |
| **Paralegal** | $90 | $95 | $98 | $101 | $107 | $110 | $112 | $135 | $135 | $135 | $138 |

Petitioners' Motion Tab A.[4]

The requested rate of $265 per hour for Ms. Faga was recently approved by Chief Special Master Dorsey in Thomure v. Sec'y of Health & Human Servs., No. 15–322v, 2016 WL 3086389 (Fed. Cl. Spec. Mstr. April 12, 2016). The rates for the other individuals are all consistent with the rates awarded to them in McCulloch v. Sec'y of Health & Human Servs., No. 09–293v, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). Requested rates for 2016-2017 are consistent with the Office of Special Masters fee schedule, which updates the

---

[4] Petitioners did not request any fees for 2009 or 2010. Work in the case appears to have stopped on March 10, 2008, and began again on March 10, 2011. Petitioners' Motion Tab A at 5-6. This case had been filed in the Omnibus Autism Proceeding and then the claim was amended to assert a cause of action based on the seizure disorder rather than autism.

3

McCulloch rates to account for inflation in subsequent years.[5] Accordingly, the undersigned finds that the requested rates are reasonable.

### ii. Hours Expended

Petitioners request compensation for 9.7 hours entered by Mr. Homer, 22.1 hours by Ms. Chin-Caplan, 5.0 hours by Mr. Conway, 4.5 hours by Ms. Ciampolillo, 3.0 hours by Mr. Pepper, 148.2 hours by Ms. Daniels, 0.3 hours by Ms. Faga, and 143.2 hours by paralegals. Petitioners' Motion Tab A at 89-90. Petitioners submitted billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from respondent and my review of Petitioners' Motion, I find that the hours expended are reasonable and should be awarded in full.

### b. Reasonable Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests a total of $16,907.33 in attorneys' costs. Mot. at 1. The requested costs consist *intra alia*, of the filing fee, expert fees, and costs for obtaining medical records. See generally Mot., Tab B.

Petitioners also request reimbursement for $9,743.00 for personally-incurred costs. Petitioners' Motion. Petitioners' costs consist of the fee for filing the petition and expenses associated with establishing themselves as guardians of S.W.'s estate. Petitioners' Motion Tab C. I find that both the attorneys' and petitioners' costs are reasonable and should be awarded in full.

## II. Total Award Summary

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The undersigned has reviewed counsel's time records and tasks performed, and finds them reasonable. Petitioners' counsel submitted receipts for his and petitioners' expenses, which the undersigned has also reviewed and finds reasonable. See generally Petitioners' Motion.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs. I will award fees and costs as follows:

| | |
|---|---|
| **Attorneys' Fees Awarded** | **$69,658.00** |
| **Attorneys' Costs Awarded** | **$16,907.33** |
| **Total Attorneys' Fees and Costs Awarded** | **$86,565.33** |

---

[5] See Office of Special Masters - Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016 and 2017, available at http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters (last accessed May 19, 2017).

|  |  |
|---|---|
| **Petitioner's Costs Awarded** | **$9,743.00** |

**Accordingly, the undersigned awards the total of $96,308.33[6] as follows:**

1) **A lump sum in the amount of $86,565.33, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners, William and Christen Walsh, and their counsel, Ronald Homer of Conway Homer, P.C.**

2) **A lump sum in the amount of $9,743.00, representing reimbursement for petitioners' costs, in the form of a check payable to petitioners, William and Christen Walsh.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.